# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-cr-0037 |
| | ) |
| WAYNE A. FAHIE and ROY E. HODGE, III, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**BEFORE THE COURT** is Defendant Wayne A. Fahie's ("Fahie") Motion for Compassionate Release (ECF No. 88), and the United States of America's (the "USA") Opposition thereto (ECF No. 90). For the reasons stated below, the Court will deny the motion without prejudice.

## I. BACKGROUND

On August 21, 2017, the USA filed a two-count information charging Fahie and his co-defendant, Roy E. Hodge, III ("Hodge"), with Conspiracy to Possess with Intent to Distribute Cocaine and Possession with Intent to Distribute Cocaine.

On February 5, 2018, the Court accepted Fahie's guilty plea to Counts One and Two of the information.

On October 3, 2018, the Court sentenced Fahie to serve 60 months of imprisonment followed by 4 years of supervised release.

On June 10, 2020, Fahie filed a Motion for Compassionate Release (ECF No. 88). In his motion, Fahie asserts that he is particularly vulnerable to significant illness if he contracts COVID-19 because his recent blood tests indicate that he is borderline diabetic, though he provides no evidence of a diabetes diagnosis. *See* ECF No. 88. Fahie further argues that CDC recommended social distancing measures are not being implemented or observed in the facility where he is housed. *Id.*

On June 24, 2020, the USA filed its Opposition to Fahie's Motion (ECF No. 90). In its Opposition, the USA counters that that Fahie's Motion is untimely. Fahie filed his request

with Acting Warden J. Bartlett on June 1, 2020, then filed his instant Motion on June 10, 2020. The Warden's response was not due until thirty days after Fahie's initial request, therefore he failed to exhaust administrative remedies before requesting relief from the Court. *See* ECF No. 90. The USA further argues that significant measures have been implemented in Bureau of Prisons ("BOP") facilities to mitigate the spread of COVID-19, including mandatory 14-day quarantines for all individuals newly arriving at a given facility, as well as regular screening on any staff that enters a facility. *Id.* Lastly, the USA asserts that there are zero cases at the facility where Fahie is housed and that there is no evidence demonstrating that his likelihood of contracting COVID-19 will be lower upon release than in the facility. *Id.*

## II. DISCUSSION

Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, prior to a District Court considering a defendant's motion for compassionate release pursuant to Section 3582, either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Fahie admits that he made a request for release of Acting Warden J. Bartlett on June 1, 2020, before filing his instant motion on June 10, 2020 without waiting the required

thirty-day period for a response. As such, the Court will deny the motion due to Fahie's failure to exhaust his administrative remedies.

Because thirty days have passed since Fahie's initial request to the Acting Warden with no response on record, the Court will look further to the substance of Fahie's motion. Here, Fahie merely asserts that *if* he were to contract COVID-19, he *may* be at an increased risk of falling significantly ill. This assertion is not supported by medical records, only the averment that recent blood tests indicate that he is "borderline for diabetes," not that he is, in fact, diabetic. ECF No. 88, at 4. Because Fahie has offered no evidence to demonstrate that he is at a higher risk of COVID-19 related complications, and by his own motion admits that he is has no diagnosis placing him in an increased category of risk, Fahie's concern is merely rooted in speculation that he may contract COVID-19. While certainly concerning, the Third Circuit has held that "the mere existence of COVID-19 in society, and the possibility that it may spread to a particular prison alone cannot independently justify compassionate relief." *Raia*, 954 F.3d at 597. Accordingly, the Court will deny the motion for the additional reason that Fahie has failed to demonstrate "extraordinary and compelling reasons" justifying his early release.

The premises considered, it is hereby

**ORDERED** that Wayne Fahie's motion for compassionate release, ECF No. 88, is **DENIED** without prejudice.

**Dated:** July 22, 2020                                   /s/ *Robert A. Molloy*
                                                          **ROBERT A. MOLLOY**
                                                          **District Judge**